IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DIEGO I. GARCIA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-CV-00690-BCW |
| AMERICAN AIRLINES, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's Application for Leave to File Action Without Payment of Fees. (Doc. #1). The Court, being duly advised of the premises, denies said motion.

The Court, within its discretion, may authorize a civil suit without prepayment of fees if the plaintiff files an affidavit of financial status demonstrating an inability to incur the costs of the suit without becoming completely destitute. 28 U.S.C. § 1915(a)(1); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court may only grant leave to proceed without payment of fees if it finds the case is not (a) frivolous; (b) malicious; (c) insufficient under Fed. R. Civ. P. 12(b)(6); or (d) seeking monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The Court, having reviewed Plaintiff's affidavit of financial status (Doc. #2), finds Plaintiff qualifies for in forma pauperis status based on economic need. However, the Court may only grant Plaintiff's motion if the proposed claims are not otherwise barred. To make this determination, the Court considers the allegations of the proposed complaint and liberally construes Plaintiff's allegations because he is proceeding pro se. (Doc. #1-1); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

1

In the proposed complaint, Garcia purports to allege employment discrimination claims under Title VII, the Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA) against American Airlines and its employee, Evan Schmitt (Doc. #1-1). Broadly construing Garcia's allegations, he was formerly employed by American Airlines, and seeks monetary compensation and reinstatement based on discrimination he experienced during his 90-day probationary employment. Garcia alleges in August 2022, Defendants failed to accommodate his disability (anxiety), and subjected him to unequal terms and conditions of employment, harassment, and retaliation.

The Court may not grant Garcia leave to proceed in forma pauperis because his allegations are insufficient under Fed. R. Civ. P. 12(b)(6), as set forth below. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

As to Garcia's allegations under the MHRA, Title VII, and the ADA, though Garcia alleges he has filed charges of discrimination with the Missouri Commission on Human Rights and with the Equal Employment Opportunity Commission, he has not received right to sue letters from either entity. A right to sue letter is a prerequisite to suit under the MHRA, Title VII, and the ADA. Farrow v. St. Francis Med. Ctr., 407 S.W.3d 579, 591 (Mo. 2013) (citing Mo. Rev. Stat. § 213.111); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e-5); Muth v. Cobro Corp., 895 F. Supp. 254, 255 (E.D. Mo. 1995) (citing 42 U.S.C. § 12117(a)). Because Garcia has not exhausted the required administrative procedures before filing suit, his allegations under the MHRA, Title VII, and/or the ADA are insufficient under Fed. R. Civ. P. 12(b)(6).

Garcia's ADEA allegations are postured somewhat differently because he filed a charge of discrimination with the EEOC. Moses v. Dassault Falcon Jet-Wilmington Corp., 894 F.3d 911, 919 (8th Cir. 2018) (ADEA requires only charge of discrimination filed with the EEOC as

2

prerequisite to suit). However, Garcia's ADEA allegations are insufficient under Fed. R. Civ. P. 12(b)(6) because Garcia's alleged birthday is December 6, 1994. He is not a member of the class protected by the ADEA. Hopper v. Hallmark Cards, Inc., 87 F.3d 983, 989 n.5 (8th Cir. 1996); O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (citing 29 U.S.C. § 623(a)(1) (ADEA prohibits discrimination based on age, with "the prohibition limited to individuals who are at least 40 years of age.")). Garcia's ADEA allegations are thus insufficient as a factual matter under Fed. R. Civ. P. 12(b)(6) and the Court may not grant Garcia leave to proceed in forma pauperis with respect to these allegations.

Similarly, and as an additional reason why the Court cannot grant Garcia's application to proceed in forma pauperis on his discrimination claims alleged under the MHRA, Title VII, and/or the ADA, none of Garcia's substantive allegations are attached to any protected characteristic. Garcia alleges discrimination because he was "unethically trained," was not assigned a work crew, was harassed, was placed at a job site for which he was not suited, and was improperly marked tardy. Even presuming the truth of these allegations, none of these allegations give rise to a reasonable inference of discriminatory animus. Consequently, Garcia's allegations are factually insufficient and the Court may not grant Garcia leave to proceed in forma pauperis based on this proposed complaint. Accordingly, it is hereby

ORDERED Plaintiff's Application for Leave to File Action Without Payment of Fees (Doc. #1) is DENIED.

IT IS SO ORDERED.

DATE: January 9, 2023 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

3